THOMPSON COBURN LLP
BRIAN G. ARNOLD, CA State Bar No. 186007
barnold@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

THOMPSON COBURN LLP
ALAN H. NORMAN (MO 38555) (*Pro Hac Vice*)
anorman@thompsoncoburn.com
DAVID B. JINKINS (MO 49254) (*Pro Hac Vice*)
djinkins@thompscoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
Tel: 314.552.6000 / Fax: 314.552.7000

Attorneys for Defendant and
Counterclaimant Pre-Con Products

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STORMTRAP LLC,<br><br>                Plaintiff<br><br>        vs.<br><br>PRE-CON PRODUCTS,<br><br>                Defendant. | CASE NO. 2:17-cv-07018-GW-AGR<br><br>**DEFENDANT PRE-CON PRODUCTS' ANSWER TO PLAINTIFF'S COMPLAINT; COUNTERCLAIMS FOR DECLARATORY JUDGMENT** |
| PRE-CON PRODUCTS,<br><br>                Counterclaimant,<br><br>        vs.<br><br>STORMTRAP LLC,<br><br>                Counterdefendant. | **DEMAND FOR JURY TRIAL** |

1    **PRE-CON PRODUCTS' ANSWER TO COMPLAINT**

2    Defendant Pre-Con Products ("Pre-Con Products"), by and through its

3    attorneys of record, submits the following Answer to Complaint filed by Plaintiff

4    StormTrap, LLC ("StormTrap").

5    Pre-Con Products denies each and every allegation of the Plaintiff's

6    Complaint unless expressly admitted and provides the following responses to the

7    numbered paragraphs of Plaintiff's Complaint.

8    **NATURE OF THE ACTION**

9    1.    Pre-Con Products admits the Complaint purports to state an action for

10   patent infringement and seeks both injunctive relief and damages.  Pre-Con Products

11   denies that it has infringed the asserted patents and that Plaintiff has any basis to

12   claim damages or entitlement to an injunction.  Pre-Con Products denies any

13   remaining allegations of Paragraph 1 of Plaintiff's Complaint.

14   **INTRODUCTION**

15   Plaintiff StormTrap

16   2.    Pre-Con Products lacks knowledge or information sufficient to form a

17   belief as to the truth of the allegations of Paragraph 2 of Plaintiff's Complaint, and

18   therefore denies the same.

19   3.    Pre-Con Products lacks knowledge or information sufficient to form a

20   belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint, and

21   therefore denies the same.

22   4.    Pre-Con Products lacks knowledge or information sufficient to form a

23   belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Complaint, and

24   therefore denies the same.

25   5.    Pre-Con Products lacks knowledge or information sufficient to form a

26   belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Complaint, and

27   therefore denies the same.

28   6.    Pre-Con Products admits that it is a California corporation and has a

2

principal office and place of business located at 240 W. Los Angeles Avenue, Simi Valley, California.  Pre-Con Products denies that the relevant zip code is 93064.

7.     Pre-Con Products admits the allegations of Paragraph 7 of Plaintiff's Complaint.

8.     Pre-Con Products admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9.     Pre-Con Products denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.    Pre-Con Products denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11.    Pre-Con Products denies that it "adopted StormTrap's modular precast concrete business model" and denies it has assembled individual modules into a double-level configuration at an installation site.  Pre-Con Products admits the remaining allegations of Paragraph 11 of Plaintiff's Complaint.

12.    Pre-Con Products admits that the STORM PRISM SP360 includes an interior module, a side module, and a corner module.  Pre-Con Products denies the remaining allegations of Paragraph 12 of Plaintiff's Complaint.

13.    Pre-Con Products denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14.    Pre-Con Products denies the allegations of Paragraph 14 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

15.    Pre-Con Products admits that Plaintiff's Complaint purports to be an action arising under the United States Patent Act, 35 U.S.C. § 271 and that this Court has subject matter jurisdiction over such matters pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Pre-Con Products however denies the legal sufficiency of Plaintiff's claims and allegations, and denies that Pre-Con Products has infringed Plaintiff's purported patent rights.

16.   Pre-Con Products denies that is has committed any acts, direct or indirect, of patent infringement in this or any judicial district.  Pre-Con Products admits that it has an office in this judicial district.  Pre-Con Products denies the remaining allegations of Paragraph 16 of Plaintiff's Complaint.

17.   Pre-Con Products denies that it has committed any acts, direct or indirect, of patent infringement in this or any judicial district.  Pre-Con Products admits that it has a regular and established place of business in this judicial district. Pre-Con Products denies the remaining allegations of Paragraph 17 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

18.   Pre-Con Products believes that no response is required to Paragraph 18 of Plaintiff's Complaint.  To the extent a response is required, Pre-Con Products refers to and incorporates herein its responses to Paragraphs 1-17 above.

19.   Pre-Con Products admits that Exhibit A to the Complaint appears to be a copy of the '402 Patent.  Pre-Con Products lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20.   Pre-Con Products admits that the '402 Patent issued on January 31, 2006.  Pre-Con Products denies the remaining allegations of Paragraph 20 of Plaintiff's Complaint.

21.   Pre-Con Products denies the allegations of Paragraph 21 of Plaintiff's Complaint.

22.   Pre-Con Products admits that it does not have a written license to the '402 Patent.  Pre-Con Products denies that such a license is necessary.

23.   Pre-Con Products denies the allegations of Paragraph 23 of Plaintiff's Complaint.

24.   Pre-Con Products denies the allegations of Paragraph 24 of Plaintiff's Complaint.

4

1     25.    Pre-Con Products states that the '402 Patent speaks for itself and

2  denies the allegations of Paragraph 25 of Plaintiff's Complaint to the extent they

3  differ from or mischaracterize the '402 Patent.  Pre-Con Products denies the

4  remaining allegations of Paragraph 25 of Plaintiff's Complaint.

5     26.    Pre-Con Products states that the '402 Patent speaks for itself and

6  denies the allegations of Paragraph 26 of Plaintiff's Complaint to the extent they

7  differ from or mischaracterize the '402 Patent.  Pre-Con Products denies that it

8  infringes claim 42 of the '402 Patent and denies any remaining allegations of

9  Paragraph 26 of Plaintiff's Complaint.

10     27.    Pre-Con Products states that the '402 Patent speaks for itself and

11  denies the allegations of Paragraph 27 of Plaintiff's Complaint to the extent they

12  differ from or mischaracterize the '402 Patent.

13     28.    Pre-Con Products denies the allegations of Paragraph 28 of Plaintiff's

14  Complaint.

15     29.    Pre-Con Products denies the allegations of Paragraph 29 of Plaintiff's

16  Complaint.

17     30.    Pre-Con Products denies the allegations of Paragraph 30 of Plaintiff's

18  Complaint.

19     31.    Pre-Con Products denies the allegations of Paragraph 31 of Plaintiff's

20  Complaint.

21     32.    Pre-Con Products denies the allegations of Paragraph 32 of Plaintiff's

22  Complaint.

23     33.    Pre-Con Products denies the allegations of Paragraph 33 of Plaintiff's

24  Complaint.

25     34.    Pre-Con Products denies the allegations of Paragraph 34 of Plaintiff's

26  Complaint.

27     35.    Pre-Con Products denies the allegations of Paragraph 35 of Plaintiff's

28  Complaint.

36.    Pre-Con Products denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37.    Pre-Con Products denies the allegations of Paragraph 37 of Plaintiff's Complaint.

38.    Pre-Con Products denies the allegations of Paragraph 38 of Plaintiff's Complaint.

39.    Pre-Con Products denies the allegations of Paragraph 39 of Plaintiff's Complaint.

40.    Pre-Con Products denies the allegations of Paragraph 40 of Plaintiff's Complaint.

41.    Pre-Con Products denies the allegations of Paragraph 41 of Plaintiff's Complaint.

42.    Pre-Con Products admits that it does not have a written license to the '402 Patent.  Pre-Con Products denies that such a license is necessary.  Pre-Con Products denies the remaining allegations of Paragraph 42 of Plaintiff's Complaint.

43.    Pre-Con Products admits that the parties engaged in discussions prior to the filing of Plaintiff's Complaint.  Pre-Con Products denies the allegations of Paragraph 43 to the extent they mischaracterize the scope and content of those discussions.  Pre-Con Products denies the remaining allegations of Paragraph 43 of Plaintiff's Complaint.

44.    Pre-Con Products denies the allegations of Paragraph 44 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

45.    Pre-Con Products believes that no response is required to Paragraph 45 of Plaintiff's Complaint.  To the extent a response is required, Pre-Con Products refers to and incorporates herein its responses to Paragraphs 1-44 above.

46.    Pre-Con Products admits that Exhibit B to the Complaint appears to be a copy of the '335 Patent.  Pre-Con Products lacks knowledge or information

6

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of Plaintiff's Complaint, and therefore denies the same.

47.   Pre-Con Products admits that the '335 Patent issued on March 18, 2008.   Pre-Con Products denies the remaining allegations of Paragraph 47 of Plaintiff's Complaint.

48.   Pre-Con Products denies the allegations of Paragraph 48 of Plaintiff's Complaint.

49.   Pre-Con Products admits that it does not have a written license to the '335 Patent.  Pre-Con Products denies that such a license is necessary.

50.   Pre-Con Products denies the allegations of Paragraph 50 of Plaintiff's Complaint.

51.   Pre-Con Products denies the allegations of Paragraph 51 of Plaintiff's Complaint.

52.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 52 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.   Pre-Con Products denies the remaining allegations of Paragraph 52 of Plaintiff's Complaint.

53.   Pre-Con Products denies the allegations of Paragraph 53 of Plaintiff's Complaint.

54.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 54 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

55.   Pre-Con Products denies the allegations of Paragraph 55 of Plaintiff's Complaint.

56.   Pre-Con Products denies the allegations of Paragraph 56 of Plaintiff's Complaint.

57.   Pre-Con Products denies the allegations of Paragraph 57 of Plaintiff's Complaint.

58.    Pre-Con Products denies the allegations of Paragraph 58 of Plaintiff's Complaint.

59.    Pre-Con Products denies the allegations of Paragraph 59 of Plaintiff's Complaint.

60.    Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 60 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

61.    Pre-Con Products denies the allegations of Paragraph 61 of Plaintiff's Complaint.

62.    Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 62 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

63.    Pre-Con Products denies the allegations of Paragraph 63 of Plaintiff's Complaint.

64.    Pre-Con Products denies the allegations of Paragraph 64 of Plaintiff's Complaint.

65.    Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 65 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

66.    Pre-Con Products denies the allegations of Paragraph 66 of Plaintiff's Complaint.

67.    Pre-Con Products denies the allegations of Paragraph 67 of Plaintiff's Complaint.

68.    Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 68 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

69.    Pre-Con Products denies the allegations of Paragraph 69 of Plaintiff's Complaint.

70.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 70 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

71.   Pre-Con Products denies the allegations of Paragraph 71 of Plaintiff's Complaint.

72.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 72 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.   Pre-Con Products denies the remaining allegations of Paragraph 72 of Plaintiff's Complaint.

73.   Pre-Con Products denies the allegations of Paragraph 73 of Plaintiff's Complaint.

74.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 74 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

75.   Pre-Con Products denies the allegations of Paragraph 75 of Plaintiff's Complaint.

76.   Pre-Con Products denies the allegations of Paragraph 76 of Plaintiff's Complaint.

77.   Pre-Con Products denies the allegations of Paragraph 77 of Plaintiff's Complaint.

78.   Pre-Con Products denies the allegations of Paragraph 78 of Plaintiff's Complaint.

79.   Pre-Con Products denies the allegations of Paragraph 79 of Plaintiff's Complaint.

80.   Pre-Con Products denies the allegations of Paragraph 80 of Plaintiff's Complaint.

81.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 81 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

82.   Pre-Con Products denies the allegations of Paragraph 82 of Plaintiff's Complaint.

83.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 83 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

84.   Pre-Con Products denies the allegations of Paragraph 84 of Plaintiff's Complaint.

85.   Pre-Con Products denies the allegations of Paragraph 85 of Plaintiff's Complaint.

86.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 86 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

87.   Pre-Con Products denies the allegations of Paragraph 87 of Plaintiff's Complaint.

88.   Pre-Con Products denies the allegations of Paragraph 88 of Plaintiff's Complaint.

89.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 89 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

90.   Pre-Con Products denies the allegations of Paragraph 90 of Plaintiff's Complaint.

91.   Pre-Con Products states that the '335 Patent speaks for itself and denies the allegations of Paragraph 91 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '335 Patent.

92.   Pre-Con Products denies the allegations of Paragraph 92 of Plaintiff's Complaint.

93.   Pre-Con Products denies the allegations of Paragraph 93 of Plaintiff's Complaint.

94.   Pre-Con Products denies the allegations of Paragraph 94 of Plaintiff's Complaint.

95.   Pre-Con Products denies the allegations of Paragraph 95 of Plaintiff's Complaint.

96.   Pre-Con Products denies the allegations of Paragraph 96 of Plaintiff's Complaint.

97.   Pre-Con Products denies the allegations of Paragraph 97 of Plaintiff's Complaint.

98.   Pre-Con Products admits that it does not have a written license to the '335 Patent.  Pre-Con Products denies that such a license is necessary.  Pre-Con Products denies the remaining allegations of Paragraph 98 of Plaintiff's Complaint.

99.   Pre-Con Products admits that the parties engaged in discussions prior to the filing of Plaintiff's Complaint.  Pre-Con Products denies the allegations of Paragraph 99 to the extent they mischaracterize the scope and content of those discussions.  Pre-Con Products denies the remaining allegations of Paragraph 99 of Plaintiff's Complaint.

100.  Pre-Con Products denies the allegations of Paragraph 100 of Plaintiff's Complaint.

## **THIRD CLAIM FOR RELIEF**

101.  Pre-Con Products believes that no response is required to Paragraph 101 of Plaintiff's Complaint.   To the extent a response is required, Pre-Con Products refers to and incorporates herein its responses to Paragraphs 1-100 above.

102. Pre-Con Products lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of Plaintiff's Complaint, and therefore denies the same.

103. Pre-Con Products admits that Exhibit C to the Complaint appears to be a copy of the '058 Patent and that the '058 Patent issued on January 9, 2007. Pre-Con Products lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 103 of Plaintiff's Complaint, and therefore denies the same.

104. Pre-Con Products lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of Plaintiff's Complaint, and therefore denies the same.

105. Pre-Con Products lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of Plaintiff's Complaint, and therefore denies the same.

106. Pre-Con Products admits the allegations of Paragraph 106 of Plaintiff's Complaint.

107. Pre-Con Products denies the allegations of Paragraph 107 of Plaintiff's Complaint.

108. Pre-Con Products admits that it does not have a written license to the '058 Patent. Pre-Con Products denies that such a license is necessary.

109. Pre-Con Products denies the allegations of Paragraph 109 of Plaintiff's Complaint.

110. Pre-Con Products denies the allegations of Paragraph 110 of Plaintiff's Complaint.

111. Pre-Con Products denies the allegations of Paragraph 111 of Plaintiff's Complaint.

112. Pre-Con Products denies the allegations of Paragraph 112 of Plaintiff's Complaint.

1     113. Pre-Con Products states that the '058 Patent speaks for itself and
2  denies the allegations of Paragraph 113 of Plaintiff's Complaint to the extent they
3  differ from or mischaracterize the '058 Patent.

4     114. Pre-Con Products denies the allegations of Paragraph 114 of
5  Plaintiff's Complaint.

6     115. Pre-Con Products denies the allegations of Paragraph 115 of
7  Plaintiff's Complaint.

8     116. Pre-Con Products denies the allegations of Paragraph 116 of
9  Plaintiff's Complaint.

10    117. Pre-Con Products denies the allegations of Paragraph 117 of
11 Plaintiff's Complaint.

12    118. Pre-Con Products denies the allegations of Paragraph 118 of
13 Plaintiff's Complaint.

14    119. Pre-Con Products denies the allegations of Paragraph 119 of
15 Plaintiff's Complaint.

16    120. Pre-Con Products denies the allegations of Paragraph 120 of
17 Plaintiff's Complaint.

18    121. Pre-Con Products denies the allegations of Paragraph 121 of
19 Plaintiff's Complaint.

20    122. Pre-Con Products states that the '058 Patent speaks for itself and
21 denies the allegations of Paragraph 122 of Plaintiff's Complaint to the extent they
22 differ from or mischaracterize the '058 Patent.

23    123. Pre-Con Products denies the allegations of Paragraph 123 of
24 Plaintiff's Complaint.

25    124. Pre-Con Products denies the allegations of Paragraph 124 of
26 Plaintiff's Complaint.

27    125. Pre-Con Products denies the allegations of Paragraph 125 of
28 Plaintiff's Complaint.

1    126. Pre-Con Products denies the allegations of Paragraph 126 of
2  Plaintiff's Complaint.

3    127. Pre-Con Products denies the allegations of Paragraph 127 of
4  Plaintiff's Complaint.

5    128. Pre-Con Products denies the allegations of Paragraph 128 of
6  Plaintiff's Complaint.

7    129. Pre-Con Products denies the allegations of Paragraph 129 of
8  Plaintiff's Complaint.

9    130. Pre-Con Products denies the allegations of Paragraph 130 of
10  Plaintiff's Complaint.

11    131. Pre-Con Products denies the allegations of Paragraph 131 of
12  Plaintiff's Complaint.

13    132. Pre-Con Products denies the allegations of Paragraph 132 of
14  Plaintiff's Complaint.

15    133. Pre-Con Products states that the '058 Patent speaks for itself and
16  denies the allegations of Paragraph 133 of Plaintiff's Complaint to the extent they
17  differ from or mischaracterize the '058 Patent.

18    134. Pre-Con Products denies the allegations of Paragraph 134 of
19  Plaintiff's Complaint.

20    135. Pre-Con Products denies the allegations of Paragraph 135 of
21  Plaintiff's Complaint.

22    136. Pre-Con Products denies the allegations of Paragraph 136 of
23  Plaintiff's Complaint.

24    137. Pre-Con Products denies the allegations of Paragraph 137 of
25  Plaintiff's Complaint.

26    138. Pre-Con Products denies the allegations of Paragraph 138 of
27  Plaintiff's Complaint.

28

139. Pre-Con Products denies the allegations of Paragraph 139 of Plaintiff's Complaint.

140. Pre-Con Products denies the allegations of Paragraph 140 of Plaintiff's Complaint.

141. Pre-Con Products denies the allegations of Paragraph 141 of Plaintiff's Complaint.

142. Pre-Con Products denies the allegations of Paragraph 142 of Plaintiff's Complaint.

143. Pre-Con Products denies the allegations of Paragraph 143 of Plaintiff's Complaint.

144. Pre-Con Products denies the allegations of Paragraph 144 of Plaintiff's Complaint.

145. Pre-Con Products denies the allegations of Paragraph 145 of Plaintiff's Complaint.

146. Pre-Con Products denies the allegations of Paragraph 146 of Plaintiff's Complaint.

147. Pre-Con Products states that the '058 Patent speaks for itself and denies the allegations of Paragraph 147 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '058 Patent.

148. Pre-Con Products denies the allegations of Paragraph 148 of Plaintiff's Complaint.

149. Pre-Con Products denies the allegations of Paragraph 149 of Plaintiff's Complaint.

150. Pre-Con Products denies the allegations of Paragraph 150 of Plaintiff's Complaint.

151. Pre-Con Products denies the allegations of Paragraph 151 of Plaintiff's Complaint.

1      152. Pre-Con Products denies the allegations of Paragraph 152 of
2  Plaintiff's Complaint.

3      153. Pre-Con Products denies the allegations of Paragraph 153 of
4  Plaintiff's Complaint.

5      154. Pre-Con Products denies the allegations of Paragraph 154 of
6  Plaintiff's Complaint.

7      155. Pre-Con Products states that the '058 Patent speaks for itself and
8  denies the allegations of Paragraph 155 of Plaintiff's Complaint to the extent they
9  differ from or mischaracterize the '058 Patent.

10      156. Pre-Con Products denies the allegations of Paragraph 156 of
11  Plaintiff's Complaint.

12      157. Pre-Con Products denies the allegations of Paragraph 157 of
13  Plaintiff's Complaint.

14      158. Pre-Con Products denies the allegations of Paragraph 158 of
15  Plaintiff's Complaint.

16      159. Pre-Con Products denies the allegations of Paragraph 159 of
17  Plaintiff's Complaint.

18      160. Pre-Con Products denies the allegations of Paragraph 160 of
19  Plaintiff's Complaint.

20      161. Pre-Con Products denies the allegations of Paragraph 161 of
21  Plaintiff's Complaint.

22      162. Pre-Con Products denies the allegations of Paragraph 162 of
23  Plaintiff's Complaint.

24      163. Pre-Con Products denies the allegations of Paragraph 163 of
25  Plaintiff's Complaint.

26      164. Pre-Con Products denies the allegations of Paragraph 164 of
27  Plaintiff's Complaint.

28

1    165. Pre-Con Products denies the allegations of Paragraph 165 of
2  Plaintiff's Complaint.

3    166. Pre-Con Products denies the allegations of Paragraph 166 of
4  Plaintiff's Complaint.

5    167. Pre-Con Products denies the allegations of Paragraph 167 of
6  Plaintiff's Complaint.

7    168. Pre-Con Products denies the allegations of Paragraph 168 of
8  Plaintiff's Complaint.

9    169. Pre-Con Products denies the allegations of Paragraph 169 of
10 Plaintiff's Complaint.

11   170. Pre-Con Products denies the allegations of Paragraph 170 of
12 Plaintiff's Complaint.

13   171. Pre-Con Products denies the allegations of Paragraph 171 of
14 Plaintiff's Complaint.

15   172. Pre-Con Products admits that it does not have a written license to the
16 '058 Patent.  Pre-Con Products denies that such a license is necessary.  Pre-Con
17 Products denies the remaining allegations of Paragraph 172 of Plaintiff's
18 Complaint.

19   173. Pre-Con Products admits that the parties engaged in discussions prior
20 to the filing of Plaintiff's Complaint.  Pre-Con Products denies the allegations of
21 Paragraph 173 to the extent they mischaracterize the scope and content of those
22 discussions.  Pre-Con Products denies the remaining allegations of Paragraph 173
23 of Plaintiff's Complaint.

24   174. Pre-Con Products denies the allegations of Paragraph 174 of
25 Plaintiff's Complaint.

26   //
27   //
28   //

17

## **FOURTH CLAIM FOR RELIEF**

175.   Pre-Con Products believes that no response is required to Paragraph 175 of Plaintiff's Complaint.  To the extent a response is required, Pre-Con Products refers to and incorporates herein its responses to Paragraphs 1-174 above.

176.   Pre-Con Products admits that Exhibit D to the Complaint appears to be a copy of the '890 Patent.  Pre-Con Products lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 176 of Plaintiff's Complaint, and therefore denies the same.

177.   Pre-Con Products admits that the '890 Patent issued on July 8, 2014. Pre-Con Products denies the remaining allegations of Paragraph 177 of Plaintiff's Complaint.

178.   Pre-Con Products denies the allegations of Paragraph 178 of Plaintiff's Complaint.

179.   Pre-Con Products admits that it does not have a written license to the '890 Patent.  Pre-Con Products denies that such a license is necessary.

180.   Pre-Con Products denies the allegations of Paragraph 180 of Plaintiff's Complaint.

181.   Pre-Con Products denies the allegations of Paragraph 181 of Plaintiff's Complaint.

182.   Pre-Con Products denies the allegations of Paragraph 182 of Plaintiff's Complaint.

183.   Pre-Con Products states that the '890 Patent speaks for itself and denies the allegations of Paragraph 183 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '890 Patent.  Pre-Con Products denies that it infringes claim 1 of the '890 Patent and denies any remaining allegations of Paragraph 183 of Plaintiff's Complaint.

184.   Pre-Con Products denies the allegations of Paragraph 184 of Plaintiff's Complaint.

185.  Pre-Con Products denies the allegations of Paragraph 185 of Plaintiff's Complaint.

186.  Pre-Con Products denies the allegations of Paragraph 186 of Plaintiff's Complaint.

187.  Pre-Con Products denies the allegations of Paragraph 187 of Plaintiff's Complaint.

188.  Pre-Con Products denies the allegations of Paragraph 188 of Plaintiff's Complaint.

189.  Pre-Con Products denies the allegations of Paragraph 189 of Plaintiff's Complaint.

190.  Pre-Con Products denies the allegations of Paragraph 190 of Plaintiff's Complaint.

191.  Pre-Con Products denies the allegations of Paragraph 191 of Plaintiff's Complaint.

192.  Pre-Con Products denies the allegations of Paragraph 192 of Plaintiff's Complaint.

193.  Pre-Con Products denies the allegations of Paragraph 193 of Plaintiff's Complaint.

194.   Pre-Con Products states that the '890 Patent speaks for itself and denies the allegations of Paragraph 194 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '890 Patent.

195.  Pre-Con Products denies the allegations of Paragraph 195 of Plaintiff's Complaint.

196.  Pre-Con Products states that the '890 Patent speaks for itself and denies the allegations of Paragraph 196 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '890 Patent.

197.  Pre-Con Products denies the allegations of Paragraph 197 of Plaintiff's Complaint.

DEFENDANT PRE-CON PRODUCTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

1    198.  Pre-Con Products states that the '890 Patent speaks for itself and
2  denies the allegations of Paragraph 198 of Plaintiff's Complaint to the extent they
3  differ from or mischaracterize the '890 Patent.

4    199.  Pre-Con Products denies the allegations of Paragraph 199 of Plaintiff's
5  Complaint.

6    200.  Pre-Con Products states that the '890 Patent speaks for itself and
7  denies the allegations of Paragraph 200 of Plaintiff's Complaint to the extent they
8  differ from or mischaracterize the '890 Patent.

9    201.  Pre-Con Products denies the allegations of Paragraph 201 of Plaintiff's
10  Complaint.

11    202.  Pre-Con Products states that the '890 Patent speaks for itself and
12  denies the allegations of Paragraph 202 of Plaintiff's Complaint to the extent they
13  differ from or mischaracterize the '890 Patent.

14    203.  Pre-Con Products denies the allegations of Paragraph 203 of Plaintiff's
15  Complaint.

16    204.  Pre-Con Products denies the allegations of Paragraph 204 of Plaintiff's
17  Complaint.

18    205.  Pre-Con Products denies the allegations of Paragraph 205 of Plaintiff's
19  Complaint.

20    206.  Pre-Con Products denies the allegations of Paragraph 206 of Plaintiff's
21  Complaint.

22    207.  Pre-Con Products denies the allegations of Paragraph 207 of Plaintiff's
23  Complaint.

24    208.  Pre-Con Products denies the allegations of Paragraph 208 of Plaintiff's
25  Complaint.

26    209.  Pre-Con Products admits that it does not have a written license to the
27  '890 Patent.  Pre-Con Products denies that such a license is necessary.  Pre-Con
28  Products denies the remaining allegations of Paragraph 209 of Plaintiff's Complaint.

20

210.  Pre-Con Products admits that the parties engaged in discussions prior to the filing of Plaintiff's Complaint.  Pre-Con Products denies the allegations of Paragraph 210 to the extent they mischaracterize the scope and content of those discussions.  Pre-Con Products denies the remaining allegations of Paragraph 210 of Plaintiff's Complaint.

211.  Pre-Con Products denies the allegations of Paragraph 211 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

212.  Pre-Con Products believes that no response is required to Paragraph 212 of Plaintiff's Complaint.  To the extent a response is required, Pre-Con Products refers to and incorporates herein its responses to Paragraphs 1-211 above.

213.  Pre-Con Products admits that Exhibit E to the Complaint appears to be a copy of the '880 Patent.  Pre-Con Products lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 213 of Plaintiff's Complaint, and therefore denies the same.

214.  Pre-Con Products admits that the '880 Patent issued on August 30, 2016.  Pre-Con Products denies the remaining allegations of Paragraph 214 of Plaintiff's Complaint.

215.  Pre-Con Products denies the allegations of Paragraph 215 of Plaintiff's Complaint.

216.  Pre-Con Products admits that it does not have a written license to the '880 Patent.  Pre-Con Products denies that such a license is necessary.

217.  Pre-Con Products denies the allegations of Paragraph 217 of Plaintiff's Complaint.

218.  Pre-Con Products denies the allegations of Paragraph 218 of Plaintiff's Complaint.

219.  Pre-Con Products denies the allegations of Paragraph 219 of Plaintiff's Complaint.

220. Pre-Con Products states that the '880 Patent speaks for itself and denies the allegations of Paragraph 220 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '880 Patent.  Pre-Con Products denies that it infringes claim 1 of the '880 Patent and denies any remaining allegations of Paragraph 220 of Plaintiff's Complaint.

221. Pre-Con Products denies the allegations of Paragraph 221 of Plaintiff's Complaint.

222. Pre-Con Products denies the allegations of Paragraph 222 of Plaintiff's Complaint.

223. Pre-Con Products denies the allegations of Paragraph 223 of Plaintiff's Complaint.

224. Pre-Con Products denies the allegations of Paragraph 224 of Plaintiff's Complaint.

225. Pre-Con Products denies the allegations of Paragraph 225 of Plaintiff's Complaint.

226. Pre-Con Products denies the allegations of Paragraph 226 of Plaintiff's Complaint.

227. Pre-Con Products denies the allegations of Paragraph 227 of Plaintiff's Complaint.

228. Pre-Con Products denies the allegations of Paragraph 228 of Plaintiff's Complaint.

229. Pre-Con Products denies the allegations of Paragraph 229 of Plaintiff's Complaint.

230. Pre-Con Products states that the '880 Patent speaks for itself and denies the allegations of Paragraph 230 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '880 Patent.  Pre-Con Products denies that it infringes claim 28 of the '880 Patent and denies any remaining allegations of Paragraph 230 of Plaintiff's Complaint.

231. Pre-Con Products denies the allegations of Paragraph 231 of Plaintiff's Complaint.

232. Pre-Con Products denies the allegations of Paragraph 232 of Plaintiff's Complaint.

233. Pre-Con Products denies the allegations of Paragraph 233 of Plaintiff's Complaint.

234. Pre-Con Products denies the allegations of Paragraph 234 of Plaintiff's Complaint.

235. Pre-Con Products denies the allegations of Paragraph 235 of Plaintiff's Complaint.

236. Pre-Con Products denies the allegations of Paragraph 236 of Plaintiff's Complaint.

237. Pre-Con Products denies the allegations of Paragraph 237 of Plaintiff's Complaint.

238. Pre-Con Products denies the allegations of Paragraph 238 of Plaintiff's Complaint.

239. Pre-Con Products denies the allegations of Paragraph 239 of Plaintiff's Complaint.

240. Pre-Con Products denies the allegations of Paragraph 240 of Plaintiff's Complaint.

241. Pre-Con Products denies the allegations of Paragraph 241 of Plaintiff's Complaint.

242. Pre-Con Products denies the allegations of Paragraph 242 of Plaintiff's Complaint.

243. Pre-Con Products denies the allegations of Paragraph 243 of Plaintiff's Complaint.

244. Pre-Con Products denies the allegations of Paragraph 244 of Plaintiff's Complaint.

23

1    245. Pre-Con Products denies the allegations of Paragraph 245 of
2  Plaintiff's Complaint.

3    246. Pre-Con Products states that the '880 Patent speaks for itself and
4  denies the allegations of Paragraph 246 of Plaintiff's Complaint to the extent they
5  differ from or mischaracterize the '880 Patent.  Pre-Con Products denies that it
6  infringes claim 47 of the '880 Patent and denies any remaining allegations of
7  Paragraph 246 of Plaintiff's Complaint.

8    247. Pre-Con Products denies the allegations of Paragraph 247 of
9  Plaintiff's Complaint.

10    248. Pre-Con Products denies the allegations of Paragraph 248 of Plaintiff's
11  Complaint.

12    249. Pre-Con Products denies the allegations of Paragraph 249 of
13  Plaintiff's Complaint.

14    250. Pre-Con Products denies the allegations of Paragraph 250 of
15  Plaintiff's Complaint.

16    251. Pre-Con Products denies the allegations of Paragraph 251 of
17  Plaintiff's Complaint.

18    252. Pre-Con Products denies the allegations of Paragraph 252 of
19  Plaintiff's Complaint.

20    253. Pre-Con Products denies the allegations of Paragraph 253 of
21  Plaintiff's Complaint.

22    254. Pre-Con Products denies the allegations of Paragraph 254 of Plaintiff's
23  Complaint.

24    255. Pre-Con Products denies the allegations of Paragraph 255 of
25  Plaintiff's Complaint.

26    256. Pre-Con Products denies the allegations of Paragraph 256 of
27  Plaintiff's Complaint.

28    //

257.  Pre-Con Products denies the allegations of Paragraph 257 of Plaintiff's Complaint.

258.  Pre-Con Products denies the allegations of Paragraph 258 of Plaintiff's Complaint.

259.  Pre-Con Products denies the allegations of Paragraph 259 of Plaintiff's Complaint.

260.  Pre-Con Products admits that it does not have a written license to the '880 Patent.  Pre-Con Products denies that such a license is necessary.  Pre-Con Products denies the remaining allegations of Paragraph 260 of Plaintiff's Complaint.

261.  Pre-Con Products admits that the parties engaged in discussions prior to the filing of Plaintiff's Complaint.  Pre-Con Products denies the allegations of Paragraph 261 to the extent they mischaracterize the scope and content of those discussions.  Pre-Con Products denies the remaining allegations of Paragraph 261 of Plaintiff's Complaint.

262.  Pre-Con Products denies the allegations of Paragraph 262 of Plaintiff's Complaint.

### SIXTH CLAIM FOR RELIEF

263.  Pre-Con Products believes that no response is required to Paragraph 263 of Plaintiff's Complaint.  To the extent a response is required, Pre-Con Products refers to and incorporates herein its responses to Paragraphs 1-262 above.

264.  Pre-Con Products admits that Exhibit F to the Complaint appears to be a copy of the '400 Patent.  Pre-Con Products lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 264 of Plaintiff's Complaint, and therefore denies the same.

265.  Pre-Con Products admits that the '400 Patent issued on October 11, 2016.  Pre-Con Products denies the remaining allegations of Paragraph 265 of Plaintiff's Complaint.

266.  Pre-Con Products denies the allegations of Paragraph 266 of Plaintiff's Complaint.

267.  Pre-Con Products admits that it does not have a written license to the '400 Patent.  Pre-Con Products denies that such a license is necessary.

268.  Pre-Con Products denies the allegations of Paragraph 268 of Plaintiff's Complaint.

269.  Pre-Con Products denies the allegations of Paragraph 269 of Plaintiff's Complaint.

270.  Pre-Con Products denies the allegations of Paragraph 270 of Plaintiff's Complaint.

271.  Pre-Con Products states that the '400 Patent speaks for itself and denies the allegations of Paragraph 271 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '400 Patent.  Pre-Con Products denies that it infringes claim 1 of the '400 Patent and denies any remaining allegations of Paragraph 271 of Plaintiff's Complaint.

272.  Pre-Con Products denies the allegations of Paragraph 272 of Plaintiff's Complaint.

273.  Pre-Con Products denies the allegations of Paragraph 273 of Plaintiff's Complaint.

274.  Pre-Con Products denies the allegations of Paragraph 274 of Plaintiff's Complaint.

275.  Pre-Con Products denies the allegations of Paragraph 275 of Plaintiff's Complaint.

276.  Pre-Con Products denies the allegations of Paragraph 276 of Plaintiff's Complaint.

277.  Pre-Con Products denies the allegations of Paragraph 277 of Plaintiff's Complaint.

//

278.  Pre-Con Products denies the allegations of Paragraph 278 of Plaintiff's Complaint.

279.  Pre-Con Products denies the allegations of Paragraph 279 of Plaintiff's Complaint.

280.  Pre-Con Products denies the allegations of Paragraph 280 of Plaintiff's Complaint.

281.  Pre-Con Products denies the allegations of Paragraph 281 of Plaintiff's Complaint.

282.  Pre-Con Products denies the allegations of Paragraph 282 of Plaintiff's Complaint.

283.  Pre-Con Products denies the allegations of Paragraph 283 of Plaintiff's Complaint.

284.  Pre-Con Products denies the allegations of Paragraph 284 of Plaintiff's Complaint.

285.  Pre-Con Products denies the allegations of Paragraph 285 of Plaintiff's Complaint.

286.  Pre-Con Products denies the allegations of Paragraph 286 of Plaintiff's Complaint.

287.  Pre-Con Products denies the allegations of Paragraph 287 of Plaintiff's Complaint.

288.  Pre-Con Products denies the allegations of Paragraph 288 of Plaintiff's Complaint.

289.  Pre-Con Products denies the allegations of Paragraph 289 of Plaintiff's Complaint.

290.  Pre-Con Products denies the allegations of Paragraph 290 of Plaintiff's Complaint.

291.  Pre-Con Products denies the allegations of Paragraph 291 of Plaintiff's Complaint.

292.  Pre-Con Products denies the allegations of Paragraph 292 of Plaintiff's Complaint.

293.  Pre-Con Products denies the allegations of Paragraph 293 of Plaintiff's Complaint.

294.  Pre-Con Products states that the '400 Patent speaks for itself and denies the allegations of Paragraph 294 of Plaintiff's Complaint to the extent they differ from or mischaracterize the '400 Patent.  Pre-Con Products denies that it infringes claim 21 of the '400 Patent and denies any remaining allegations of Paragraph 294 of Plaintiff's Complaint.

295.  Pre-Con Products denies the allegations of Paragraph 295 of Plaintiff's Complaint.

296.  Pre-Con Products denies the allegations of Paragraph 296 of Plaintiff's Complaint.

297.  Pre-Con Products denies the allegations of Paragraph 297 of Plaintiff's Complaint.

298.  Pre-Con Products denies the allegations of Paragraph 298 of Plaintiff's Complaint.

299.  Pre-Con Products denies the allegations of Paragraph 299 of Plaintiff's Complaint.

300.  Pre-Con Products denies the allegations of Paragraph 300 of Plaintiff's Complaint.

301.  Pre-Con Products denies the allegations of Paragraph 301 of Plaintiff's Complaint.

302.  Pre-Con Products denies the allegations of Paragraph 302 of Plaintiff's Complaint.

303.  Pre-Con Products denies the allegations of Paragraph 303 of Plaintiff's Complaint.

304.  Pre-Con Products denies the allegations of Paragraph 304 of Plaintiff's Complaint.

305.  Pre-Con Products denies the allegations of Paragraph 305 of Plaintiff's Complaint.

306.  Pre-Con Products denies the allegations of Paragraph 306 of Plaintiff's Complaint.

307.  Pre-Con Products denies the allegations of Paragraph 307 of Plaintiff's Complaint.

308.  Pre-Con Products denies the allegations of Paragraph 308 of Plaintiff's Complaint.

309.  Pre-Con Products denies the allegations of Paragraph 309 of Plaintiff's Complaint.

310.  Pre-Con Products denies the allegations of Paragraph 310 of Plaintiff's Complaint.

311.  Pre-Con Products denies the allegations of Paragraph 311 of Plaintiff's Complaint.

312.  Pre-Con Products admits that it does not have a written license to the '400 Patent.  Pre-Con Products denies that such a license is necessary.  Pre-Con Products denies the remaining allegations of Paragraph 312 of Plaintiff's Complaint.

313.  Pre-Con Products admits that the parties engaged in discussions prior to the filing of Plaintiff's Complaint.  Pre-Con Products denies the allegations of Paragraph 313 to the extent they mischaracterize the scope and content of those discussions.  Pre-Con Products denies the remaining allegations of Paragraph 313 of Plaintiff's Complaint.

314.  Pre-Con Products denies the allegations of Paragraph 314 of Plaintiff's Complaint.

//

29

**PRAYER FOR RELIEF**

Pre-Con Products denies that Plaintiff is entitled to the relief requested or any other relief. To the extent that Plaintiff avers or makes any allegations in its prayer for relief, or elsewhere in its Complaint that were not specifically addressed herein, any such averment and/or allegation is denied.

**DEMAND FOR JURY TRIAL**

Pre-Con Products believes that no response to Plaintiff's request for a jury trial is required. To the extent a response is required, Pre-Con Products admits that Plaintiff has requested a jury trial. Pursuant to Federal Rule of Civil Procedure 38, Pre-Con Products also requests a trial by jury on any issue so triable.

Pre-Con Products respectfully requests this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Pre-Con Products and against Plaintiff, find, declare, and enter judgment in favor of Pre-Con Products and against Plaintiff that Pre-Con Products has not infringed any valid claim of the patents-in-suit and that each of the patents-in-suit is invalid, find this case is exceptional, and award Pre-Con Products its costs, expenses, and attorney's fees, along with such other relief set forth herein and as this Court may deem just and proper.

**ADDITIONAL DEFENSES**

As further answer and as additional defenses, Pre-Con Products, without admitting the Complaint states a valid claim, pleads the following:

**FIRST DEFENSE**

**(Non-Infringement of the Asserted Patents)**

1.      Pre-Con Products has not infringed, and is not infringing, either literally or under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or in any other manner, any valid and enforceable claim of U.S. Pat. No. 6,991,402 ("the '402 Patent"), U.S. Pat. No. 7,344,335 ("the '335 Patent"), U.S. Pat. No. 7,160,058 ("the '058 Patent"), U.S. Pat. No. 8,770,890 ("the '890 Patent"),

U.S. Pat. No. 9,428,880 ("the '880 Patent"), and U.S. Pat. No. 9,464,400 ("the '400 Patent").  *See* 35 U.S.C. § 282(b).  Furthermore, the patents-in-suit are invalid, and an invalid patent cannot be infringed.

**SECOND DEFENSE**

**(Invalidity of the Asserted Patents)**

2.     The '402, '335, '058, '890, '880, and '400 Patents are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD DEFENSE**

**(No Damages)**

3.     To the extent that Plaintiff and any predecessors-in-interest to the patents-in-suit failed to properly mark any of its relevant products as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Pre-Con Products' actions allegedly infringed the patents-in-suit, Pre-Con Products is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patents-in-suit.

**FOURTH DEFENSE**

**(No Equitable Relief)**

4.     As a result of Plaintiff's actions, Plaintiff is not entitled to equitable relief, including, but not limited to, Plaintiff's request for injunctive relief, as they have an adequate remedy at law, and are otherwise barred by the doctrines of waiver, acquiescence, and estoppel.

**FIFTH DEFENSE**

**(Bar or Limitation on Damages and Costs)**

5.     Plaintiff's claim for patent infringement damages and costs is statutorily limited or barred by 35 U.S.C. § 288.

**SIXTH DEFENSE**

**(Failure to State a Claim)**

31

6.     Plaintiff's Complaint, on one or more claims for relief set forth herein, fails to state a claim upon which relief can be granted.

## ADDITIONAL DEFENSES

7.     Pre-Con Products reserves the right to assert additional defenses based on information learned or obtained during discovery.

## DEFENDANT'S COUNTERCLAIMS

Pre-Con Products (hereinafter "Pre-Con Products"), files the following counterclaims against Plaintiff StormTrap, LLC ("StormTrap" or "Plaintiff").

## NATURE OF THE ACTION

1.     This is an action for a judgment declaring U.S. Pat. No. 6,991,402, ("the '402 Patent"), U.S. Pat. No. 7,344,335 ("the '335 Patent"), U.S. Pat. No. 7,160,058 ("the '058 Patent"), U.S. Pat. No. 8,770,890, ("the '890 Patent"), U.S. Pat. No. 9,428,880 ("the '880 Patent"), and U.S. Pat. No. 9,464,400 ("the '400 Patent") invalid and not infringed.

## THE PARTIES

2.     Pre-Con Products is a California corporation, with a place of business at 240 W. Los Angeles Avenue, Simi Valley, California, 93065.

3.     According to the Complaint, Plaintiff StormTrap is an Illinois limited liability company with a principal place of business in Romeoville, Illinois.

## JURISDICTION AND VENUE

4.     Pre-Con Products' counterclaims arise under the United States patent laws, 35 U.S.C. § 101, *et seq.*, and seek relief for which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5.     An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and enforceability of the '402 Patent, the '335 Patent, the '058 Patent, the '890 Patent, the '880 Patent, and the '400 Patent ("the Asserted Patents").  In particular, in its Complaint, Plaintiff alleges Pre-Con Products infringes the Asserted Patents.  This controversy

1  has sufficient immediacy and reality to warrant the issuance of a declaratory
2  judgment.

3      6.    The Court has personal jurisdiction over Plaintiff by virtue of its filing
4  of the present action.

5                              **COUNT I**
6              **NON-INFRINGEMENT OF THE '402 PATENT**

7      7.    Pre-Con Products realleges and incorporates herein by reference all of
8  the allegations contained in Paragraphs 1-6 of these counterclaims.

9      8.    In its Complaint, Plaintiff alleges that Pre-Con Products infringes the
10  '402 Patent.

11     9.    Because Plaintiff has filed a patent infringement lawsuit against Pre-
12  Con Products, an actual and justiciable controversy exists between Pre-Con
13  Products and Plaintiff with respect to whether Pre-Con Products has infringed any
14  valid and enforceable claim of the '402 Patent.  Absent a declaration of non-
15  infringement, Plaintiff will continue to wrongfully assert the '402 Patent against
16  Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and
17  damage.  This controversy has sufficient immediacy and reality to warrant the
18  issuance of a declaratory judgment.

19     10.   Pre-Con Products has not and does not infringe the '402 Patent, either
20  literally or equivalently, directly or indirectly, induced or contributorily, or in any
21  other manner, and Pre-Con Products is entitled to a declaration to that effect.

22                             **COUNT II**
23              **INVALIDITY OF THE '402 PATENT**

24     11.   Pre-Con Products realleges and incorporates herein by reference all of
25  the allegations contained in Paragraphs 1-10 of these counterclaims.

26     12.   In its Complaint, Plaintiff alleges that Pre-Con Products infringes the
27  '402 Patent.

28     13.   Because Plaintiff has filed a patent infringement lawsuit against Pre-

1 Con Products, an actual and justiciable controversy exists between Pre-Con
2 Products and Plaintiff with respect to the validity of the '402 Patent.  Absent a
3 declaration of invalidity, Plaintiff will continue to wrongfully assert the '402 Patent
4 against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury
5 and damage.  This controversy has sufficient immediacy and reality to warrant the
6 issuance of a declaratory judgment.

7      14.   The '402 Patent is invalid pursuant to 35 U.S.C. §§101, 102, 103,
8 and/or 112.

9      15.   Plaintiff has known the '402 Patent is invalid since at least the time that
10 counsel for Pre-Con Products provided such evidence to Plaintiff on or about
11 November 3, 2017.

12      16.   Despite this knowledge, Plaintiff has continued to assert infringement
13 of an invalid patent in bad faith.

14      17.   This case is exceptional and Pre-Con Products is entitled to its
15 attorney's fees under 35 U.S.C. § 285.

16 **<u>COUNT III</u>**
17 **<u>NON-INFRINGEMENT OF THE '335 PATENT</u>**

18      18.   Pre-Con Products realleges and incorporates herein by reference all of
19 the allegations contained in Paragraphs 1-17 of these counterclaims.

20      19.   In its Complaint, Plaintiff alleges that Pre-Con Products infringes the
21 '335 Patent.

22      20.   Because Plaintiff has filed a patent infringement lawsuit against Pre-
23 Con Products, an actual and justiciable controversy exists between Pre-Con
24 Products and Plaintiff with respect to whether Pre-Con Products has infringed any
25 valid and enforceable claim of the '335 Patent.  Absent a declaration of non-
26 infringement, Plaintiff will continue to wrongfully assert the '335 Patent against
27 Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and

28

1  damage.  This controversy has sufficient immediacy and reality to warrant the

2  issuance of a declaratory judgment.

3       21.    Pre-Con Products has not and does not infringe the '335 Patent, either

4  literally or equivalently, directly or indirectly, induced or contributorily, or in any

5  other manner, and Pre-Con Products is entitled to a declaration to that effect.

6                                  **COUNT IV**

7                    **INVALIDITY OF THE '335 PATENT**

8       22.    Pre-Con Products realleges and incorporates herein by reference all of

9  the allegations contained in Paragraphs 1-21 of these counterclaims.

10      23.    In its Complaint, Plaintiff alleges that Pre-Con Products infringes the

11 '335 Patent.

12      24.    Because Plaintiff has filed a patent infringement lawsuit against Pre-

13 Con Products, an actual and justiciable controversy exists between Pre-Con

14 Products and Plaintiff with respect to the validity of the '335 Patent.  Absent a

15 declaration of invalidity, Plaintiff will continue to wrongfully assert the '335 Patent

16 against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury

17 and damage.  This controversy has sufficient immediacy and reality to warrant the

18 issuance of a declaratory judgment.

19      25.    The '335 Patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103,

20 and/or 112.

21      26.    Plaintiff has known the '335 Patent is invalid since at least the time that

22 counsel for Pre-Con Products provided such evidence to Plaintiff on or about

23 November 3, 2017.

24      27.    Despite this knowledge, Plaintiff has continued to assert infringement

25 of an invalid patent in bad faith.

26      28.    This case is exceptional and Pre-Con Products is entitled to its

27 attorney's fees under 35 U.S.C. § 285.

28

## COUNT V

### NON-INFRINGEMENT OF THE '058 PATENT

29.   Pre-Con Products realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-28 of these counterclaims.

30.   In its Complaint, Plaintiff alleges that Pre-Con Products infringes the '058 Patent.

31.   Because Plaintiff has filed a patent infringement lawsuit against Pre-Con Products, an actual and justiciable controversy exists between Pre-Con Products and Plaintiff with respect to whether Pre-Con Products has infringed any valid and enforceable claim of the '058 Patent.  Absent a declaration of non-infringement, Plaintiff will continue to wrongfully assert the '058 Patent against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and damage.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32.   Pre-Con Products has not and does not infringe the '058 Patent, either literally or equivalently, directly or indirectly, induced or contributorily, or in any other manner, and Pre-Con Products is entitled to a declaration to that effect.

## COUNT VI

### INVALIDITY OF THE '058 PATENT

33.   Pre-Con Products realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-32 of these counterclaims.

34.   In its Complaint, Plaintiff alleges that Pre-Con Products infringes the '058 Patent.

35.   Because Plaintiff has filed a patent infringement lawsuit against Pre-Con Products, an actual and justiciable controversy exists between Pre-Con Products and Plaintiff with respect to the validity of the '058 Patent.  Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the '058 Patent against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury

36

1   and damage.  This controversy has sufficient immediacy and reality to warrant the

2   issuance of a declaratory judgment.

3       36.    The '058 Patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103,

4   and/or 112.

5       37.    Plaintiff has known the '058 Patent is invalid since at least the time that

6   counsel for Pre-Con Products provided such evidence to Plaintiff on or about

7   November 3, 2017.

8       38.    Despite this knowledge, Plaintiff has continued to assert infringement

9   of an invalid patent in bad faith.

10      39.    This case is exceptional and Pre-Con Products is entitled to its

11  attorney's fees under 35 U.S.C. § 285.

12                           <u>COUNT VII</u>

13                  **NON-INFRINGEMENT OF THE '890 PATENT**

14      40.    Pre-Con Products realleges and incorporates herein by reference all of

15  the allegations contained in Paragraphs 1-39 of these counterclaims.

16      41.    In its Complaint, Plaintiff alleges that Pre-Con Products infringes the

17  '890 Patent.

18      42.    Because Plaintiff has filed a patent infringement lawsuit against Pre-

19  Con Products, an actual and justiciable controversy exists between Pre-Con

20  Products and Plaintiff with respect to whether Pre-Con Products has infringed any

21  valid and enforceable claim of the '890 Patent.  Absent a declaration of non-

22  infringement, Plaintiff will continue to wrongfully assert the '890 Patent against

23  Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and

24  damage.  This controversy has sufficient immediacy and reality to warrant the

25  issuance of a declaratory judgment.

26      43.    Pre-Con Products has not and does not infringe the '890 Patent, either

27  literally or equivalently, directly or indirectly, induced or contributorily, or in any

28  other manner, and Pre-Con Products is entitled to a declaration to that effect.

## COUNT VIII

### INVALIDITY OF THE '890 PATENT

44.    Pre-Con Products realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-43 of these counterclaims.

45.    In its Complaint, Plaintiff alleges that Pre-Con Products infringes the '890 Patent.

46.    Because Plaintiff has filed a patent infringement lawsuit against Pre-Con Products, an actual and justiciable controversy exists between Pre-Con Products and Plaintiff with respect to the validity of the '890 Patent.  Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the '890 Patent against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and damage.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47.    The '890 Patent is invalid pursuant to 35 U.S.C. §§101, 102, 103, and/or 112.

48.    Plaintiff has known the '890 Patent is invalid since at least the time that counsel for Pre-Con Products provided such evidence to Plaintiff on or about November 22, 2017.

49.    Despite this knowledge, Plaintiff has continued to assert infringement of an invalid patent in bad faith.

50.    This case is exceptional and Pre-Con Products is entitled to its attorney's fees under 35 U.S.C. § 285.

### COUNT IX

### NON-INFRINGEMENT OF THE '880 PATENT

51.    Pre-Con Products realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-50 of these counterclaims.

52.    In its Complaint, Plaintiff alleges that Pre-Con Products infringes the '880 Patent.

38

53.   Because Plaintiff has filed a patent infringement lawsuit against Pre-Con Products, an actual and justiciable controversy exists between Pre-Con Products and Plaintiff with respect to whether Pre-Con Products has infringed any valid and enforceable claim of the '880 Patent.  Absent a declaration of non-infringement, Plaintiff will continue to wrongfully assert the '880 Patent against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and damage.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54.   Pre-Con Products has not and does not infringe the '880 Patent, either literally or equivalently, directly or indirectly, induced or contributorily, or in any other manner, and Pre-Con Products is entitled to a declaration to that effect.

## COUNT X

### INVALIDITY OF THE '880 PATENT

55.   Pre-Con Products realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-54 of these counterclaims.

56.   In its Complaint, Plaintiff alleges that Pre-Con Products infringes the '880 Patent.

57.   Because Plaintiff has filed a patent infringement lawsuit against Pre-Con Products, an actual and justiciable controversy exists between Pre-Con Products and Plaintiff with respect to the validity of the '880 Patent.  Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the '880 Patent against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and damage.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

58.   The '880 Patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

59.   Plaintiff has known the '880 Patent is invalid since at least the time that counsel for Pre-Con Products provided such evidence to Plaintiff on or about

1    November 22, 2017.

2        60.    Despite this knowledge, Plaintiff has continued to assert infringement

3    of an invalid patent in bad faith.

4        61.    This case is exceptional and Pre-Con Products is entitled to its

5    attorney's fees under 35 U.S.C. § 285.

6                              **COUNT XI**

7                **NON-INFRINGEMENT OF THE '400 PATENT**

8        62.    Pre-Con Products realleges and incorporates herein by reference all of

9    the allegations contained in Paragraphs 1-61 of these counterclaims.

10       63.    In its Complaint, Plaintiff alleges that Pre-Con Products infringes the

11   '400 Patent.

12       64.    Because Plaintiff has filed a patent infringement lawsuit against Pre-

13   Con Products, an actual and justiciable controversy exists between Pre-Con

14   Products and Plaintiff with respect to whether Pre-Con Products has infringed any

15   valid and enforceable claim of the '400 Patent.  Absent a declaration of non-

16   infringement, Plaintiff will continue to wrongfully assert the '400 Patent against

17   Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and

18   damage.  This controversy has sufficient immediacy and reality to warrant the

19   issuance of a declaratory judgment.

20       65.    Pre-Con Products has not and does not infringe the '400 Patent, either

21   literally or equivalently, directly or indirectly, induced or contributorily, or in any

22   other manner, and Pre-Con Products is entitled to a declaration to that effect.

23                             **COUNT XII**

24                **INVALIDITY OF THE '400 PATENT**

25       66.    Pre-Con Products realleges and incorporates herein by reference all of

26   the allegations contained in Paragraphs 1-65 of these counterclaims.

27       67.    In its Complaint, Plaintiff alleges that Pre-Con Products infringes the

28   '400 Patent.

68.    Because Plaintiff has filed a patent infringement lawsuit against Pre-Con Products, an actual and justiciable controversy exists between Pre-Con Products and Plaintiff with respect to the validity of the '400 Patent.  Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the '400 Patent against Pre-Con Products, and thereby cause Pre-Con Products irreparable injury and damage.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69.    The '400 Patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

70.    Plaintiff has known the '400 Patent is invalid since at least the time that counsel for Pre-Con Products provided such evidence to Plaintiff on or about November 22, 2017.

71.    Despite this knowledge, Plaintiff has continued to assert infringement of an invalid patent in bad faith.

72.    This case is exceptional and Pre-Con Products is entitled to its attorney's fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Pre-Con Products respectfully requests that this Court:

1.    Adjudge that Plaintiff takes nothing by reason of its Complaint;

2.    Enter judgment in favor of Pre-Con Products and against Plaintiff on all claims for relief contained in Plaintiff's Complaint and Pre-Con Products' counterclaims;

3.    Enter judgment that Pre-Con Products does not infringe the '402, '335, '058, '890, '880, and '400 Patents under 35 U.S.C. § 271;

4.    Enter judgment that the '402, '335, '058, '890, '880, and '400 Patents are each invalid;

5.    Adjudge this action is exceptional under 28 U.S.C. § 285 and Pre-Con Products be awarded its attorney's fees, expenses, and costs of suit incurred in

1  defense against Plaintiff's Complaint and in prosecution of Pre-Con Products'
2  counterclaims; and,

3      6.    Award Pre-Con Products any other relief the Court deems just and
4  proper.

5                        **DEMAND FOR JURY TRIAL**

6      Pre-Con Products requests a trial by jury on any issue so triable.

7

8

9  DATED:  January 15, 2018         **Respectfully submitted,**

10                                  **THOMPSON COBURN LLP**

11

12                                  By: _____/s/ Brian G. Arnold_____
13                                      Brian G. Arnold
                                        Alan H. Norman
14                                      David B. Jinkins

15                                      Attorneys for Defendant and
16                                      Counterclaimant Pre-Con Products

17

18

19

20

21

22

23

24

25

26

27

28

42